**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone:  (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiffs
MAHESHKUMAR DESAI,
ANUP DESAI, KALPESH
AHIR, RIYANSH & PARUL
HOSPITALITY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHESHKUMAR DESAI, ANUP DESAI, KALPESH AHIR, RIYANSH & PARUL HOSPITALITY, LLC,<br><br>Plaintiffs,<br><br>v<br><br>CITY OF SAN BERNARDINO, a municipal corporation; CITY OF SAN BERNARDINO POLICE OFFICER J. FUNN SUED AS DOE 1; AND DOES 2-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs MAHESHKUMAR DESAI, ANUP DESAI, KALPESH AHIR, RIYANSH & PARUL HOSPITALITY, LLC (collectively "Plaintiffs," or individually "MD," "AD," "KA," "RP LLC") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983. State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiffs are residents of San Bernardino and Los Angeles County, California. Plaintiff RP LLC is a limited liability company duly formed under the laws of the State of California with a principal office in Thousand Palms, CA.

3. Plaintiffs allege that the Defendants CITY OF SAN BERNARDINO, a municipal corporation, and CITY OF SAN BERNARDINO POLICE OFFICER J. FUNN SUED AS DOES 1. (collectively "Defendants," or "City," "JF") were at all times material herein residents of San Bernardino County, CA.

4. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 100, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of

the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiffs are the owners and operators of a motel commonly known as The EL PATIO MOTEL located at 471 N. Mount Vernon Road, San Bernardino, CA 92411("Motel").

6. Plaintiff KP is the principal of RP LLC.

7. Plaintiffs are Asian-Indian and KP and his wife comprise the full board of directors and officers of RP LLC.

8. Plaintiffs MD and AD, who are partners who have owned the motel for over thirty years, are successful motel owners and operators, who have owned and operated the motel without incident from the City during the course of their ownership, and held valid and continuous business licenses to do from the City during such time and until the present.

9. In 2021, KA and RP LLC were instructed by the City to apply for a business license to operate the motel even though MD and AD had such a license, and was threatened by the defendants, and each of them, that if they did not do so, they

would be summarily closed, fined, and criminally prosecuted.

10. In fear of such threats, KA and RP LLC applied for a business license to operate the motel and were denied as unqualified, even though KA operates another motel in the same City area and was issued such a license to operate the other motel and does so to this day.

11. As a result of this, plaintiffs were cited with multiple administrative citations by the defendants, and each of them, over the last year and a half from the date of the filing of this complaint, for operation of the motel without a valid business license to do.

12. Each citation assessed a fee against the plaintiffs pursuant to the City municipal code.

13. Plaintiffs appealed several of the citations, and after a hearing before an administrative hearing officer in or about October 2022, the plaintiffs were successful in prevailing in the appeal and had the citation dismissed.

14. On or about February 9, 2023, the defendants, and each of them, and in particular JF, issued the plaintiffs another administrative citation number BR2023-971402-9 ("Citation"), for operating the motel without a business license assessing a fee against said plaintiffs pursuant to the City municipal code.

15. On or about February 13, 2023, the plaintiffs filed a timely appeal of the citation and in such appeal raised various constitutional objections, including but not limited to the fact that the City policy, custom, and practice, is to unilaterally choose and pay for the outside hearing officer, without consent or consultation with the appealing party.

16. Plaintiffs objected to this procedure as violating due process of law, but the City still to unilaterally chose and paid the outside hearing officer, without consent or consultation with the plaintiffs.

17. A hearing was held and the hearing officer issued a decision that upheld the citation.

18. On April 25, 2023, the City Clerk mailed an amended decision from the hearing officer upholding the citation and denying the plaintiffs' appeal.

19. The mailing was not certified by the City Clerk under penalty of perjury advising the plaintiffs of their right to appeal the decision to a court of competent jurisdiction, or as to the time limit to do so, either under California Code of Civil Procedure section 1094.6, or any other California statute or ordinance section.

20. During the course of the last one year and a half prior to the filing of this complaint, the defendants, and each of them, and various City police officers, have come onto the motel property, on a daily basis, without consent or a warrant, and inspected and entered not only the areas open to the public but private locked areas of the motel, and in doing so, gathered evidence that was used, over the objection of the plaintiffs, in issuing the administrative citations, mentioned above.

29. Based on the above facts, plaintiffs allege the following claims.

### FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)**

30. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-29 above.

31. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of San Bernardino and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

32. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the plaintiffs, in particular their individual

rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Equal Protection Clause, as similarly situated motel owners and operators were not treated in the discriminatory and differential manner set forth herein.

33. As a proximate result of the foregoing actions of the defendants and each of them, plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but not less than $10,000,000.00 against each defendant for each plaintiff, and are also entitled to appropriate declaratory and injunctive relief. Plaintiffs are also entitled their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

**(Appeal by All Plaintiffs Against Defendant City
Pursuant to California Government Code Section 53069.4)**

34. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-33 above.

35. Plaintiffs request an appeal of the amended decision issued and mailed by the City on April 25, 2023, upholding the citation and denying the plaintiffs' appeal

of the citation, no. BR2023-971402-9, that was the subject of their administrative appeal pursuant to California Government Code Section 53069.4(b)(1) and request a trial de novo and a reversal and dismissal of the citation and fee assessment.

WHEREFORE, Plaintiffs, and each of them, pray judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but believed to be not less than $10,000,000.00;

2. For appropriate declaratory and injunctive relief;

3. For attorney's fees;

### SECOND CLAIM FOR RELIEF

4. For a trial de novo on their appeal of the citation, no. BR2023-971402-9, that was the subject of their administrative appeal pursuant to California Government Code Section 53069.4(b)(1) and request a trial de novo and a reversal and dismissal of the citation and fee assessment.

5. For attorney's fees;

### FOR ALL CLAIMS FOR RELIEF

6. For costs of suit;

7. For such other and further relief as the Court deems proper.

Dated: May 10, 2023          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
For Plaintiffs MAHESHKUMAR
DESAI, ANUP DESAI, KALPESH
AHIR, RIYANSH
& PARUL HOSPITALITY, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: May 10, 2023          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
For Plaintiffs MAHESHKUMAR
DESAI, ANUP DESAI, KALPESH
AHIR, RIYANSH
& PARUL HOSPITALITY, LLC